UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cr-134-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| NESTER LEON, II, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion for Return of Property/Post Trial, (Doc. Nos. 24, 28), and on the Government's Response in Opposition, (Doc. No. 27). Defendant seeks the return of $7,023.00 seized by the North Carolina Highway Patrol in Randolph County, North Carolina.[1] For the following reasons, the motion is **DENIED**.

I.  **BACKGROUND AND DISCUSSION**

On November 21, 2013, North Carolina State Highway Patrol ("NC SHP") Sergeant Rodney Crater conducted a traffic stop of a car driven by Defendant for a seatbelt violation in Randolph County, North Carolina.[2] Defendant voluntarily told Sergeant Crater during the stop he previously was in prison on a conviction for possession of a firearm by a convicted felon. Defendant gave verbal consent to search the vehicle. NC SHP searched the car Defendant was driving and recovered a Ruger P89 DC, 9mm pistol within the center console. Also located in the

---

[1] On December 16, 2022, Defendant filed in this Court an alleged civil rights action against the North Carolina Highway Patrol and Sergeant Rodney Crater, alleging, among other claims, the wrongful seizure and forfeiture of $7,000. No. 3:22-cv-691-FDW-DCK. On June 13, 2023, the Court transferred the case to the Middle District of North Carolina.

[2] Randolph County, North Carolina is the Middle District of North Carolina.

1

vehicle were 15 rounds of 9mm ammunition, two 9mm magazines, a business card to Shooter's Express,[3] and $7,023.00 in U.S. Currency.

Later in the day of November 21, 2013, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") became involved in the investigation with respect to the firearms and ammunition Defendant possessed. Of the items seized from the vehicle Defendant was driving, ATF only took custody of the Ruger pistol, the 15 rounds of 9mm ammunition, and one 9mm magazine as evidence.[4] (See Doc. No. 27-1, ATF Receipt and Release of Property Document). ATF's investigation revealed Defendant purchased and possessed the 9 mm ammunition, found in the car he was driving in Randolph County, North Carolina on November 21, 2013, at Shooter's Express in Gaston County, North Carolina on November 19, 2013.

As a result of ATF's investigation, on July 15, 2014, a federal grand jury indicted Defendant in this district on one count of Possession of Ammunition by Convicted Felon, a violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). The indictment was for possession of the 9mm ammunition Defendant purchased at Shooter's Express on November 19, 2013, in Gaston County, North Carolina.

In NC SHP's investigation in Randolph County, North Carolina, NC SHP converted the $7,023.00 in U.S. Currency to a cashier's check payable to the United States Marshals Service to be administratively forfeited by the United States Drug Enforcement Administration ("DEA"). On April 7, 2014, DEA, in the Middle District of North Carolina, administratively forfeited the

---

[3] Shooter's Express is a gun store and shooting range in Belmont, North Carolina.
[4] At the conclusion of the federal case in the Western District of North Carolina, the 9mm Ruger pistol, 9mm ammunition and 9mm magazine were released from ATF custody and sent to the Orange County, Florida Sheriff's Office.

$7,023.00. (See Doc. No. 27-3, DEA Declaration of Forfeiture; Doc. No. 27-4, Status of Inquiry Document for the $7,023.00 forfeited by DEA in the Middle District of North Carolina.).

On February 7, 2017, Defendant entered into a plea agreement in this Court, agreeing to plead guilty to the one count indictment for Possession of Ammunition by Convicted Felon. (Doc. No. 13). On February 8, 2017, Defendant entered his guilty plea, pursuant to the plea agreement. On August 14, 2017, this Court sentence Defendant to 51 months imprisonment, concurrent with Defendant's sentence on his conviction in case 6:14-cr-238-ORL-28 KRS, in the United States District Court in the Middle District of Florida.[5]

In the plea agreement, Defendant waived any claim to the currency seized by NC SHP and forfeited by DEA in the Middle District of North Carolina. Defendant's plea agreement states in Paragraph 11:

> "With regard to each and every asset . . . seized in a related investigation or administrative, state, or local action the defendant stipulates and agrees:
>
> a. To its forfeiture herein . . . in a separate administrative or civil proceeding. . . .
>
> e. That the property may be . . . treated as abandoned property."

(Doc. No. 13). Therefore, Defendant waived any claim to the currency seized by NC SHP and forfeited by DEA in the Middle District of North Carolina and agreed to forfeiture of the assets in the plea agreement.

For the foregoing reasons, Defendant's pro se Motion for Return of Property, (Doc. No. 24), is **DENIED**.

---

[5] The concurrent sentence was pursuant to the plea agreement, which was made under Federal Rule of Criminal Procedure 11(c)(1)(C).

Having considered Defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion for Return of Property/Post Trial, (Doc. No. 24), is **DENIED**.

Signed: July 14, 2023

Max O. Cogburn Jr
United States District Judge