UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-349-MOC
(3:14-cr-134-MOC-DSC-1)

| | |
|---|---|
| NESTOR LEON, II,[1] ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. 1].

## I.   BACKGROUND

The Petitioner was charged in the underlying criminal case with a single count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One). [See 3:14-cr-134 ("CR") Doc. 1 (Indictment)]. He pleaded guilty as charged in Count One and admitted he is, in fact, guilty of that offense. [CR Doc. 13 (Plea Agreement)]. In a written Factual Basis, the Petitioner admitted that he purchased ammunition that traveled in interstate commerce, and that "Defendant was in fact a convicted felon at the time of the offense. Defendant has not been pardoned or had his civil rights restored." [CR Doc. 10 at 2 (Factual Basis)]. The Petitioner admitted, under oath, at a Rule 11 hearing that he was pleading guilty freely and voluntarily to Count One with full knowledge of the charge and his plea's consequences, that he is guilty as

---

[1] According to the Federal Bureau of Prisons' website, the Petitioners name is Nestor Leon. See https://www.bop.gov/inmateloc/ (last accessed June 13, 2023); Fed. R. Ev. 201.

charged in that offense, and that he agrees with the Factual Basis. [CR Doc. 14 (Acceptance)]. On August 21, 2017, the Court entered a Judgment sentencing the Petitioner to 51 months' imprisonment. [CR Doc. 22 (Judgment)]. The Petitioner did not appeal.

Petitioner filed the instant Motion to Vacate on April 20, 2023.[2] [Doc. 1]. He claims that: the Indictment and conviction are invalid; the guilty plea was involuntary; and he is actually innocent of violating § 922(g) pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019). With regards to the timeliness of the Motion to Vacate, Petitioner states "[t]imely filed under 28 U.S.C. § 2255(f)(3)." [Doc. 1 at 18].

On June 28, 2023, the Court entered an Order informing the Petitioner that it appears his Motion to Vacate is subject to dismissal with prejudice as time-barred because it was filed more than three years after Rehaif was decided on June 21, 2019, and Petitioner has failed to demonstrate that equitable tolling, actual innocence, or any other exception to the one-year statute of limitations applies. [Doc. 2 at 3]. The Court provided Petitioner 21 days in which to explain why the Motion to Vacate should not be dismissed as untimely. [Id.]. Petitioner was cautioned that "[s]hould Petitioner fail to comply with this Order, this action will likely be dismissed with prejudice as time-barred without further notice." [Id].

Petitioner filed a Response arguing that his Motion to Vacate is timely because: (1) he filed his petition within a year of the Fourth Circuit Court of Appeals' issuance of United States v. Waters, 64 F.4th 199 (4th Cir. 2023), which it held that Rehaif is retroactive; (2) he is actually innocent of violating § 922(g); and (3) equitable tolling applies because he would have been barred from filing his Rehaif claim prior to Waters' issuance. [Doc. 3].

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). No response from the Government is required.

## III. DISCUSSION

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

First, Petitioner contends that his Motion to Vacate is timely under § 2255(f)(3). To obtain the benefit of the limitations period stated in § 2255(f)(3), a petitioner must show that: (1) the Supreme Court recognized a new right; (2) the right "has been ... made retroactively applicable to cases on collateral review;" and (3) he filed his motion within one year of the date on which the Supreme Court recognized the right. United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012). The period in § 2255(f)(3) runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was made retroactive. Dodd v. United States, 545 U.S. 353, 357-58 (2005); see United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017) (although the Fourth Circuit can render a right retroactively applicable, only the Supreme Court can recognize a new right under § 2255(f)(3)). Here, Petitioner's § 2255(f)(3) argument relies on Rehaif. However, that case was decided on June 21, 2019. The Petitioner, thus, had until June 21, 2020 to raise his Rehaif claim in a Motion to Vacate. He filed the instant case nearly two years late on April 20, 2023. The Fourth Circuit's issuance of Waters did not revive that period. See Mathur, 685 F.3d at 398; Dodd, 545 U.S. at 457-58. Accordingly, the Motion to Vacate is untimely under § 2255(f)(3).

Second, Petitioner argues that he is actually innocent of violating § 922(g) "because his civil restoration form establishes that he was not aware of his prohibited status because the civil restoration form stated he was not prohibited from possessing ammoe." [Doc. 3 at 2] (errors uncorrected). The "actual innocence gateway" established in McQuiggin v. Perkins, 569 U.S. 383 (2013), allows review of habeas petitions filed outside of the one-year limitations under 28 U.S.C. § 2255(f) for a petitioner who can demonstrate that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995); see United States v. Jones, 758 F.3d 579, 586-87 (4th Cir. 2014). As the Supreme Court repeatedly emphasized in McQuiggin, the so-called "Schlup standard" is a demanding one. See

4

McQuiggin, 569 U.S. at 387 ("We caution, however, that tenable actual-innocence gateway pleas are rare...."); id. at 399 ("To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" (quoting Schlup, 513 U.S. at 327)); id. at 401 ("We stress once again that the Schlup standard is demanding."). To establish a claim of actual innocence, a petitioner must support his allegations of constitutional error "with new reliable evidence that was not proffered at trial." Finch v. McKoy, 914 F.3d 292, 298-99 (4th Cir. 2019). A petitioner also must demonstrate that it is more likely than not that "the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt." Id. at 299 (quoting Teleguz v. Pearson, 689 F.3d 322, 329 (4th Cir. 2012)). A petitioner's "[u]nexplained delay in presenting new evidence" weighs on whether he has made the requisite showing. Id.

Here, Petitioner presents no new evidence to support his claim of actual innocence. He refers to a civil restoration, but he fails to come forward with any such document. Moreover, he stated under oath at the Rule 11 hearing that he agreed with the Factual Basis, which provides that he was a felon at the time of the offense and that he has not been pardoned or had his civil rights restored. [See CR Doc. 10 at 2 (Factual Basis); CR Doc. 14 (Acceptance)]. His present unsupported and self-serving claim to the contrary is rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"); see, e.g., United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy

5

are always 'palpably incredible' and patently frivolous or false.'"). Accordingly, the Petitioner's actual innocence argument is rejected.

Finally, the Petitioner contends that equitable tolling should apply because "(1) he has been persuing his rights diligently after Rehaif, and did not file because Rehaif was not retroactive in the moment which is (2) the extraordinary circumstance that stood in his way and prevented timely filing." [Doc. 3 at 3] (errors uncorrected). He notes that "had Petitioner filed before (Waters) his 2255 would have been dismissed. [Id.].

An otherwise time-barred petition is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (*en banc*) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)). Equitable tolling is available only when a § 2255 petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements."). The equitable tolling standard "focuses not on whether unfavorable precedent would have rendered a timely claim futile, but on whether a fact beyond the defendant's control prevented him from filing within the limitations period at all." Whiteside, 775 F.3d at 185.

Here, the Petitioner admits that he could have filed his Rehaif claim sooner, but that it would have been dismissed because Rehaif had not yet been declared retroactive. This is essentially a futility argument. Although the Fourth Circuit's issuance of Waters made Petitioner's collateral attack more plausible, "nothing prevented [him] from filing his petition within the one-

6

year statute of limitations." Whiteside, 775 F.3d at 185; see also United States v. Bryant, 2020 WL 353424 (E.D.N.Y. Jan. 21, 2020) (noting that the issue decided in Rehaif "was percolating in the courts for years….") (citations omitted)); Rehaif, 139 S.Ct. at 2199 (observing that, even "[p]rior to 1986 ... there was no definitive judicial consensus that knowledge of status was not needed"). Petitioner's futility argument fails to support equitable tolling, and it is rejected.

The Petitioner filed his Motion to Vacate outside the statute of limitations and he has failed to demonstrate that any exception applies. Accordingly, the Motion to Vacate will be dismissed with prejudice as time-barred.

## IV. CONCLUSION

For the foregoing reasons, the 2255 Motion to Vacate is dismissed with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED** with prejudice as time-barred.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3.  The Clerk is instructed to close this case.

Signed: July 31, 2023

Max O. Cogburn Jr
United States District Judge

8