UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cr-134-MOC-SCR-1

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) |  |
| NESTOR LEON, II,[1] | ) | **MEMORANDUM OF** |
|  | ) | **DECISION AND ORDER** |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 41].

**I. BACKGROUND**

The Defendant was charged with possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [Doc. 1: Indictment]. He entered a knowing and voluntary guilty plea. [Doc. 13: Plea Agreement; Doc. 10: Factual Basis]. On August 21, 2017, the Court entered a Judgment sentencing Defendant to 51 months' imprisonment. [Doc. 22: Judgment]. The Defendant did not appeal.

On April 20, 2023, the Defendant filed a § 2255 Motion to Vacate in which he argued *inter alia* that he is actually innocent of violating § 922(g) pursuant to Rehaif v. United States, 588 U.S. 225 (2019). This Court dismissed the Motion to Vacate with prejudice as time-barred. Leon v. United States, 2023 WL 4919684 (W.D.N.C. Aug. 1, 2023). The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the Defendant's appeal. United States v. Leon, 2024 WL 445657 (4th Cir. Feb. 6, 2024).

---

[1] According to the Federal Bureau of Prisons' website, the Defendant's name is Nestor Leon. See https://www.bop.gov/inmateloc/ (last accessed Jan. 29, 2025); Fed. R. Ev. 201.

The Defendant filed the instant § 2255 Motion to Vacate on January 22, 2025.[2] [Doc. 41]. He argues that he is actually innocent of violating § 922(g)(1) pursuant to N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). [Id.]. He contends that Bruen was issued after his prior Motion to Vacate and appeal. [Id. at 5]. He asks the Court to dismiss his conviction. [Id. at 10]. The Court concludes that it does not require a response from the Government to resolve this matter.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing

---

[2] The postmark date is used here because the Defendant does not certify the date upon which he placed his Motion to Vacate in the prison mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

2

Case 3:14-cr-00134-MOC-SCR    Document 43    Filed 02/03/25    Page 2 of 5

with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

The instant Motion to Vacate is an unauthorized second or successive § 2255 petition. The Defendant has already filed a § 2255 petition which the Court denied on the merits. See Leon, 2023 WL 4919684; Rudisill v. United States, 2010 WL 4510913 (W.D.N.C. Nov. 2, 2010) (dismissal with prejudice as time-barred is an adjudication on the merits). The Defendant does not state that he has received authorization from the Fourth Circuit to file a second or successive § 2255 petition and a review of the Fourth Circuit's docket reveals none.

The Defendant's reliance on Bruen is unavailing. In Bruen, which was decided on June 23, 2022, the Supreme Court explained that, when a firearm regulation is challenged under the Second Amendment, the government must show that the restriction is "consistent with the Nation's historical tradition of firearm regulation." Id., 597 U.S. at 24. Bruen does not hold that § 922(g)(1) is unconstitutional, nor has the Supreme Court made such a right retroactively applicable. See generally Tyler v. Cain, 533 U.S. 656, 663 (2001) ("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive); see United States v. Carson, No. 1:23-cv-58, 2024 WL 500728, at *2 (W.D.N.C. Feb. 8, 2024) (collecting cases). Even if Bruen were a retroactive change in constitutional law as contemplated in § 2255(h), the Defendant would still have to obtain the Fourth Circuit's authorization before filing a second or successive petition in this Court. See 28 U.S.C. § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated on other grounds by* United States v. McRae, 793 F.3d 392

3

(4th Cir. 2015). Moreover, the Defendant's contention that <u>Bruen</u> was issued after his previous § 2255 proceeding is incorrect. He filed his prior Motion to Vacate on April 20, 2023, more than nine months after <u>Bruen</u> was issued. More than two years and seven months elapsed between <u>Bruen's</u> issuance and the Defendant's filing of the instant Motion to Vacate, accordingly, the instant Motion to Vacate would alternatively be dismissed as time-barred. The instant § 2255 Motion to Vacate is, therefore, dismissed as an unauthorized second or successive petition over which this Court lacks jurisdiction.

IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion to Vacate is dismissed for lack of jurisdiction.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 41] is **DISMISSED** as successive.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: January 31, 2025

Max O. Cogburn Jr
United States District Judge